**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| MICHAEL PIPKIN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:25-CV-35-RWS-JBB |
| | § | |
| WARDEN FCI TEXARKANA, | § | |
| | § | |
| Respondent. | § | |

**ORDER**

Petitioner Michael Pipkin, proceeding *pro se*, filed the above-captioned petition for the writ of habeas corpus under 28 U.S.C. § 2241, challenging the computation of his sentence. Docket No. 1. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636.

Petitioner complains that his sentence is being computed as commencing on April 1, 2021, when he was transferred into primary federal custody out of the custody of Texas state authorities. Docket No. 1 at 1–2; Docket No. 6 at 1. He asserts that because his federal sentence was made to run concurrently with any future sentence he received for a specified state charge in Johnson County case no. M2019-00289, his federal sentence should begin to run either with his initial arrest, on July 17, 2019, or on November 7, 2019, when he was borrowed from state custody to face federal prosecution under a writ of habeas corpus *ad testificandum*. Docket No. 1 at 1.

Respondent filed a motion for summary judgment, arguing that Petitioner received credit on his state sentences for the time up to April 1, 2021, and he cannot get federal credit for time which was credited to another sentence. Docket No. 5 at 4–5. Although Petitioner had one concurrent state sentence, Respondent maintains that Petitioner also had two non-concurrent state sentences to which his time was credited, and so he was not entitled to have this time credited to

his federal sentence. Docket No. 5 at 2, 4–5; Docket No. 9 at 2.

Petitioner filed a response and sur-reply in opposition to Respondent's motion, asserting that his federal sentence was incorrectly made concurrent with only one of his state sentences, rather than all of them. Docket No. 6 at 1–2, 4; Docket No. 10 at 2. He argued that the writ of habeas corpus *ad testificandum* placed him in federal custody for purposes of computing his sentence and contended that the computation of his sentence violated the Interstate Agreement on Detainers Act. Docket No. 6 at 2–3; Docket No. 10 at 1–2. Petitioner also compared his case to that of another inmate, Ryan Shilling, who also has a habeas petition pending in this Court. Docket No. 6 at 4–5; Docket No. 10 at 3.

After reviewing the pleadings, the Magistrate Judge issued a report and recommendation on February 19, 2026, recommending that Respondent's motion for summary judgment (Docket No. 5) be granted and that the application for the writ of habeas corpus be dismissed with prejudice. *See* Docket No. 14 at 10. The Magistrate Judge determined that the time credits that Petitioner sought had been credited to his non-concurrent state sentences and thus could not also be credited to his federal sentence. *Id.* at 8. Further, the Magistrate Judge concluded that, contrary to Petitioner's arguments, the sentencing court had the authority to order his federal sentence to run consecutively to future state sentences that had not yet been imposed. *Id.* at 8–9. The Magistrate Judge also stated that a writ of habeas corpus *ad testificandum* is simply "borrow[ing]" the prisoner from state authorities and does not place him in primary federal custody, nor does such a writ amount to a detainer for purposes of invoking the Interstate Agreement on Detainers. *Id.* at 7–8. Finally, the Magistrate Judge determined that Shilling's case was not comparable to Petitioner's because, unlike Petitioner, Shilling was not serving any consecutive state sentences. *Id.* at 9–10.

A copy of the Magistrate Judge's Report and Recommendation was sent to Petitioner at his

last known address, but no objections have been received. The Fifth Circuit has explained that where a letter is properly placed in the United States mail, a presumption arises that the letter "reached its destination in the usual time and was actually received by the person to whom it was addressed." *Faciane v. Sun Life Assurance Co. of Can.*, 931 F.3d 412, 420–21 & n.9 (5th Cir. 2019) (quoting *United State v. Ekong*, 518 F.3d 285, 286–87 (5th Cir. 2007)).

Because no objections were filed, Petitioner is barred from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017); *Arriaga v. Laxminarayan*, No. 4:21-CV-00203-RAS, 2021 WL 3287683, at *1 (E.D. Tex. July 31, 2021). The Court has reviewed the pleadings in this case and the Report and Recommendation of the Magistrate Judge. Upon such review, the Court has determined that the Report and Recommendation of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (where no objections to a magistrate judge's report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law"). Accordingly, it is

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket No. 14) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Respondent's motion for summary judgment (Docket No. 5) is **GRANTED**, and the above-captioned petition for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**So ORDERED and SIGNED this 19th day of March, 2026.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE